IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



UNITED STATES OF AMERICA,

v.                                      Civil Action No. 3:98CR409

ANGELO DIAZ RODRIQUEZ

MEMORANDUM OPINION

By Order entered on December 11, 2017, the Court granted Angelo Diaz Rodriquez's unopposed Amended Motion to Reduce His Sentence under 28 U.S.C. § 2255 ("§ 2255 Motion," ECF No. 124.) This Memorandum Opinion explains the reasons for granting Rodriquez's requested relief to be sentenced to 120 months, with time served, and three years of supervised release.

I. FACTUAL AND LEGAL BACKGROUND

As noted by the Supreme Court:

> Federal law forbids certain people-such as convicted felons, persons committed to mental institutions, and drug users-to ship, possess, and receive firearms. § 922(g). In general, the law punishes violation[s] of this ban by up to 10 years' imprisonment. § 924(a)(2). But if the violator has three or more earlier convictions for a "serious drug offense" or a "violent felony," the Armed Career Criminal Act increases his prison term to a minimum of 15 years and a maximum of life. § 924(e)(1).

Johnson v. United States, 135 S. Ct. 2551, 2555 (2015) (citation omitted).

The Armed Career Criminal Act (ACCA) defines a violent felony as: "any crime punishable by imprisonment for a term exceeding one year" and "(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, <u>or otherwise involves conduct that presents a serious potential risk of physical injury to another</u>." 18 U.S.C. § 924(e)(2)(B) (emphasis added). "The closing words of this definition, italicized above, have come to be known as the Act's residual clause." <u>Johnson</u>, 135 S. Ct. at 2556. In <u>Johnson</u>, the Supreme Court held that the residual clause of the ACCA is unconstitutionally vague. <u>Id.</u> at 2557.

Following a jury trial, Rodriquez was found guilty of four counts of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). (ECF No. 57.) The counts merged pursuant to <u>United States v. Dunford</u>, 148 F.3d 385 (4th Cir. 1998). (ECF No. 124, at 1.) At sentencing, the Court found that Rodriquez qualified for an enhancement under the ACCA because of his Virginia convictions for: rape in 1971; statutory burglary in 1978; breaking and entering in 1985; and, burglary in 1993. (Sept. 18, 2000 Tr. 20-21.) The Court sentenced Rodriquez to 293 months of imprisonment and five years of supervised release. (ECF No. 71, at 2-3.)

On May 31, 2016, Rodriquez filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. (ECF No. 111.) The Government originally moved to dismiss. (ECF No. 120.)

By Memorandum Order entered on October 20, 2017, the Court noted that the decisions in United States v. Winston, 850 F.3d 677, 679 (4th Cir. 2017) and Castendet-Lewis v. Sessions, 855 F.3d 253, 264 (4th Cir. 2017) may impact Rodriquez's ability to obtain relief. (ECF No. 123, at 1.) The Court appointed counsel for Rodriquez, directed counsel and Rodriquez to file an Amended § 2255 Motion, and directed the Government to file an Amended Response. (Id. at 2.)

On November 20, 2017, Rodriquez, with counsel filed the Amended § 2255 Motion. On December 11, 2017, the Government agreed that Rodriquez was entitled to relief in the form of a reduction of sentence to 120 months with three years of supervised release. (ECF No. 127, at 1-2.) On that same day, the Court entered an ORDER to that effect. (ECF No. 128.)

## II. RODRIQUEZ'S § 2255 MOTION

The Government does not dispute that in the wake of United States v. Winston, 850 f.3d 677 (4th Cir. 2017) and Castendet-Lewis v. Sessions, 855 F.3d 253 (4th Cir. 2017), Rodriquez's Virginia convictions for burglary and breaking and entering no

3

qualify for an enhanced sentence under the ACCA. (ECF No. 127, at 1.) The maximum penalty for a non-ACCA enhanced 922(g) conviction is ten years of imprisonment and three years supervised release. The Court, therefore, ordered the relief sought by Rodriquez, which the Government did not oppose. In accordance with the Court's order issued December 11, 2017, Rodriquez's sentence was reduced to 120 months, with time served, and his supervised release was reduced to three years. (ECF No. 128.)

The Clerk is directed to send a copy of the Memorandum Opinion to counsel of record.

/s/ REP
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: January 18, 2018